**Victor Hugo Ballesteros MARTINEZ,**
**Petitioner,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

**No. 06–75790.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2007 *.

Filed Dec. 28, 2007.

Victor Hugo Ballesteros Martinez, On-tario, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Home-land Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the Dis-trict Counsel Department of Homeland Se-curity, San Francisco, CA, David V. Ber-nal, Attorney, Andrew C. MacLachlan, Esq., Liza S. Murcia, Esq., U.S. Depart-ment of Justice Civil Div./Office of Immi-gration Lit., Washington, DC, for Respon-dent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM ***

Victor Hugo Ballesteros Martinez, a na-tive and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' denial, as untimely and without merit, of his motion to reopen proceedings in order to apply for protection under the Convention Against Torture ("CAT") fol-lowing the denial of his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny the petition for review.

Ballesteros Martinez contends that his motion to reopen was timely because there is no time limit for motions to reopen that seek relief under CAT and because he only recently became aware of "widespread tor-ture" in Mexico. Ballesteros Martinez filed his motion to reopen outside the nine-ty-day time limit set forth in 8 C.F.R. § 1003.2(c)(2). In addition, he failed to present material evidence of changed country conditions that was not available and could not have been presented at the previous proceeding. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *He v. Gonzales,* 501 F.3d 1128, 1131–32 (9th Cir.2007).

Ballesteros Martinez also contends that the Board erred in concluding that he failed to establish a prima facie case of eligibility for relief under CAT. The gener-alized evidence attached to his motion did not meet this standard. *See Nuru v. Gon-zales,* 404 F.3d 1207, 1216 (9th Cir.2005) (holding that CAT applicant must establish that it is more likely than not that he would be tortured if removed to his native country); *Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003) (holding that motion to reopen must establish prima facie case demonstrating reasonable likelihood that

** This disposition is not appropriate for publi-cation and is not precedent except as provid-ed by 9th Cir. R. 36–3.